IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, *ex rel.* JAMES DeBARBARA,

Petitioner,

v.

EDWIN R. BOWEN,

Respondent.

FILED
JUN 1 6 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

Case No. 04 C 7898

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner James DeBarbara (hereinafter, "DeBarbara") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2254 (the "Petition"). Respondent Government filed a Motion to Dismiss the Petition as time-barred. For the following reasons, the Government's Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Following a jury trial in state court, DeBarbara was convicted of first degree murder and attempted armed robbery and sentenced to 45 years in prison. DeBarbara appealed and the Illinois Appellate Court affirmed the judgment on December 10, 1999. *People v. DeBarbara*, 308 Ill.App.3d 1089 (1999). DeBarbara did not appeal to the Illinois Supreme Court.

On March 9, 2000, DeBarbara filed a complaint for *habeas* relief in the Cook Country Circuit Court, which was summarily denied on March 28, 2000. On June 7, 2000, DeBarbara filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act of 1998, which was denied on September 11, 2000. The appellate court affirmed on September 19, 2002, and denied rehearing on October 22, 2002.

On December 17, 2002, DeBarbara filed a Petition for Leave to Appeal (the "PLA") which the Illinois Supreme Court denied on February 5, 2003. *People v. DeBarbara*, 202 Ill.2d 680 (2003). On January 20, 2004, DeBarbara filed a Motion for Leave to File a Petition for Writ of Habeas Corpus in the Illinois Supreme Court. The Illinois Supreme Court denied the motion on May 24, 2004. DeBarbara filed the Petition in this Court on December 2, 2004.

## II. **DISCUSSION**

Under 28 U.S.C. § 2244(d)(1), a person in custody applying for a writ of habeas corpus on his state conviction is subject to a one-year statute of limitations. The one-year period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A); *see also Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The limitations period is tolled, however, during the time period that a

On March 9, 2000, DeBarbara filed a complaint for *habeas* relief in the Cook Country Circuit Court, which was summarily denied on March 28, 2000. On June 7, 2000, DeBarbara filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act of 1998, which was denied on September 11, 2000. The appellate court affirmed on September 19, 2002, and denied rehearing on October 22, 2002.

On December 17, 2002, DeBarbara filed a Petition for Leave to Appeal (the "PLA") which the Illinois Supreme Court denied on February 5, 2003. *People v. DeBarbara*, 202 Ill.2d 680 (2003). On January 20, 2004, DeBarbara filed a Motion for Leave to File a Petition for Writ of Habeas Corpus in the Illinois Supreme Court. The Illinois Supreme Court denied the motion on May 24, 2004. DeBarbara filed the Petition in this Court on December 2, 2004.

## II. **DISCUSSION**

Under 28 U.S.C. § 2244(d)(1), a person in custody applying for a writ of habeas corpus on his state conviction is subject to a one-year statute of limitations. The one-year period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A); *see also Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The limitations period is tolled, however, during the time period that a

"properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Here, the appellate court denied DeBarbara's appeal on December 10, 1999. DeBarbara did not file a direct appeal with the Illinois Supreme Court within the 21-day time limit(or at all). *See* Ill. Sup. Ct. R. 315(b); *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000). Thus, the statute of limitations commenced on January 1, 2000 and ran for 69 days until March 9, 2000, the date on which DeBarbara filed his habeas petition with the Cook County Circuit Court. The limitation period was tolled from that date until March 28, 2000, when his petition was denied. The statute of limitations then resumed and continued to run for 71 days until June 7, 2000, when DeBarbara filed a post-conviction petition. The limitation period was tolled through September 11, 2000, the date on which the Cook County Circuit Court denied DeBarbara's post-conviction petition. Affording DeBarbara the benefit of tolling between the denial of his post-conviction petition, his petition for rehearing, and his PLA, the limitation period was tolled until February 5, 2003. Thereafter, the time limitation ran for almost a year until January 20, 2004 when DeBarbara filed leave to file a petition for writ of habeas corpus in the Illinois Supreme Court. The limitation period was tolled until May 24, 2004, when the petition was denied.

Finally, an additional 192 days ran until DeBarbara filed the instant Petition on December 2, 2004.

Even using the most favorable tolling calculation possible, the Court concludes that DeBarbara filed the Petition well over 500 days from the date his state judgment became final. Accordingly, the one-year statute of limitations clearly expired before he filed the Petition and it is time-barred.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

---
Harry D. Leinenweber, Judge
United States District Court

Dated: June 16, 2005